UNITED STATES BANKRUPTCY COURT

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re | ) ) ) | |
| HUU PHU LE and<br>    LAN T. LAM, | ) ) | Chapter 7<br>Case No. 20-10763-JEB |
| Debtors. | ) ) ) | |

# MOTION TO APPROVE SETTLEMENT AGREEMENT
## WITH DEBTOR HUU PHU LE AND SEAEDI LLC

Stewart F. Grossman, Chapter 7 Trustee (the "Trustee") of the above-captioned estate, hereby moves, pursuant to Fed. R. Bankr. P. 9019, for approval of a settlement between the Trustee, the debtor Huu Phu Le ("Le"), and Seaedi LLC with regard to bank accounts in the name of Seaedi and the funds transferred into and remaining in such accounts. The Settlement Agreement is attached hereto. In support of his motion, the Trustee states as follows:

1. On March 13, 2020 (the "Petition Date"), Le and Lan T. Lam (together, the "Debtors") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). On March 16, 2020, Stewart F. Grossman was appointed Chapter 7 Trustee.

2. Le is a manager of Seaedi, a Delaware limited liability company. The other managers of Seaedi are not presently in the United States.

3. In 2017 and 2018, bank accounts in the name of Seaedi were opened at Citizens Bank, and in 2019 a bank account in the name of Seaedi was opened at Santander Bank (together, the

"Bank Accounts"). Le was a signatory on the Bank Accounts. The Bank Accounts at Citizens Bank had been closed in the year prior to the year of the Petition Date, but the Bank Account at Santander Bank had a balance of approximately $70,051 on the Petition Date.

4. The Trustee has alleged that Le exercised pervasive control over the Bank Accounts and engaged in many transactions where funds were moved back and forth between the Bank Accounts and other accounts in Le's individual name. The Trustee has further alleged that in December 2018, Le transferred approximately $145,000 from accounts in his individual name into the Bank Accounts. The Trustee has asserted that such transfer may be avoided as a fraudulent transfer pursuant to § 548 of the Bankruptcy Code and that approximately $145,000 may be recovered from Seaedi pursuant to § 550 of the Bankruptcy Code. Alternatively, the Trustee has asserted that Le exercised such pervasive control over the Bank Accounts that the funds in them on the Petition Date were property of Le's bankruptcy estate.

5. Seaedi and Le have denied that Seaedi has any liability to the Trustee and have denied that any funds in the Bank Accounts are property of Le's bankruptcy estate.

6. Rather than litigating the matter, the Trustee, Le, and Seaedi sought to reach a consensual resolution. Those discussions have now led to the Settlement Agreement.

7. The Settlement Agreement provides that Seaedi will pay $25,000.00 to the bankruptcy estate in full settlement of the Trustee's claims against Seaedi and Le. An initial payment of $10,000.00 has been made, and the remaining $15,000.00 will be due 30 days after approval of the instant motion. As part of the agreement, failure to make the remining payment will entitle the Trustee to the entry of a judgment in his favor and against Le and Seaedi.

8. In determining whether to approve a settlement agreement, this Court must assess and balance the value of the claim that is being compromised against the value to the estate of

the acceptance of the compromise proposal. *Jeffrey v. Desmond*, 70 F.3d 183, 185 (1st Cir. 1995); *Matter of Boston & Providence R.R. Corp.*, 673 F.2d 11, 12 (1st Cir. 1982); *In re GHR Companies, Inc.*, 50 B.R. 925, 931 (Bankr. D. Mass. 1985). "The specific factors which a bankruptcy court considers when making this determination include: (i) the probability of success in the litigation being compromised; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay attending it; and, (iv) the paramount interest of the creditors and a proper deference to their reasonable views in the premise." *Jeffrey*, 70 F.3d at 185; *see In re Anolik*, 107 B.R. 426, 429 (D. Mass. 1989).

9. While the Trustee is quite confident he would succeed in his claims against Le, the probability of success on the claims against Seaedi is not as clear. Seaedi has asserted that it never gave Le ownership of the money in question, and that any funds transferred by Le to Seaedi were on account of debt owed by Le to Seaedi (the transfers that the Trustee asserts are avoidable as fraudulent transfers occurred more than a year before the Petition Date, and thus outside even the insider preference period). There is certainly a possibility of an ultimate finding that Seaedi acted in good faith and has no liability to the Trustee. And other than the funds of Seaedi, the Trustee is not aware of any source from which he could collect a judgment against Le.

10. Accordingly, the Trustee believes that the paramount interest of the creditors is in accepting the proposed settlement now rather than incurring the expense and delay of litigation against Seaedi that might not even be successful.

11. Pursuant to Standing Order 2017-3 of this Court, the Trustee is not now serving this Motion. Upon the Court's issuance of a notice setting a deadline for responses and objections,

the Trustee will serve such notice, along with this Motion, upon all parties in interest required to be served, as well as Seaedi.

WHEREFORE, the Trustee respectfully requests that this Court enter an order:

1. Approving the Settlement Agreement; and

2. Granting such other and further relief as this Court deems just and proper.

> Respectfully submitted,
>
> STEWART F. GROSSMAN,
>   CHAPTER 7 TRUSTEE,
>
> By his attorneys,
>
> /s/ Adam J. Ruttenberg
> Adam J. Ruttenberg, BBO No. 553158
> ARENT FOX LLP
> Prudential Tower
> 800 Boylston Street
> Boston, MA  02199
> (617) 973-6100
> adam.ruttenberg@arentfox.com

Dated:  October 9, 2020

- 4 -