# SETTLEMENT AGREEMENT

This Settlement Agreement is entered into as of this 30th day of September, 2020 between Stewart F. Grossman as Trustee of the estate of Huu Phu Le and Lan T. Lam, Chapter 7 Case No. 20-10763-JEB (Bankr. D. Mass.) (the "Trustee"), Huu Phu Le ("Le"), and Seaedi LLC ("Seaedi").

WHEREAS, on March 13, 2020 (the "Petition Date"), Le and Lan T. Lam (together, the "Debtors") filed a voluntary petition pursuant to Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code");

WHEREAS, the Trustee was appointed Trustee in the Debtors' bankruptcy, pursuant to § 701(a)(1) of the Bankruptcy Code, and has continued to serve as Trustee pursuant to § 702(d) of the Bankruptcy Code;

WHEREAS, Seaedi is a Delaware limited liability company and Le is a manager of Seaedi;

WHEREAS, the other managers of Seaedi are not presently in the United States;

WHEREAS, in 2017 and 2018, bank accounts in the name of Seaedi were opened at Citizens Bank, and in 2019 a bank account in the name of Seaedi was opened at Santander Bank (together, the "Bank Accounts");

WHEREAS, the Bank Accounts at Citizens Bank had been closed in the year prior to the year of the Petition Date but the Bank Account at Santander Bank had a balance of approximately $70,051 on the Petition Date;

WHEREAS, Le was a signatory on the Bank Accounts;

WHEREAS, the Trustee has alleged that Le exercised pervasive control over the Bank Accounts, and engaged in many transactions where funds were moved back and forth between the Bank Accounts and other accounts in Le's individual name;

WHEREAS, the Trustee has alleged that in December 2018, Le transferred approximately $145,000 from accounts in his individual name into the Bank Accounts;

WHEREAS, the Trustee has asserted that such transfer may be avoided as a fraudulent transfer pursuant to § 548 of the Bankruptcy Code and that approximately $145,000 may be recovered from Seaedi pursuant to § 550 of the Bankruptcy Code;

WHEREAS, alternatively, the Trustee has asserted that Le exercised such pervasive control over the Bank Accounts that the funds in them on the Petition Date were property of Le's bankruptcy estate;

To Chris

WHEREAS, Seaedi and Le have denied that Seaedi has any liability to the Trustee and have denied that any funds in the Bank Accounts are property of Le's bankruptcy estate;

WHEREAS, by virtue of the foregoing, a controversy exists between the Trustee, Seaedi, and Le; and

WHEREAS, the Trustee, Seaedi, and Le, in recognition of the uncertainties and delays associated with a judicial resolution, now seek to resolve the issues between them;

NOW, THEREFORE, in consideration of the mutual promises and covenants exchanged herein, the Trustee, Seaedi, and Le do hereby stipulate and agree as follows:

1. This Settlement Agreement will be effective only upon the entry of an order of the United States Bankruptcy Court for the District of Massachusetts approving this Settlement Agreement (the "Approval Order").

2. Seaedi will pay the sum of twenty-five thousand dollars ($25,000.00) (the "Settlement Payment") to the Trustee in full settlement of all claims of the Trustee against Seaedi and Le. Ten thousand dollars ($10,000.00) will be paid to the Trustee contemporaneously with the execution of this Settlement Agreement by Seaedi and Le. The remaining fifteen thousand dollars ($15,000.00) will be paid to the Trustee no later than thirty days after the entry of the Approval Order.

3. If the Bankruptcy Court does not enter the Approval Order, then the Trustee will return to Seaedi the portion of the Settlement Payment that he is holding.

4. Effective upon the Approval Order becoming a Final Order, Seaedi and Le, together with their respective agents, attorneys, predecessors, successors, and assigns, hereby remise, releases and forever discharge and covenant not to sue the Trustee and the bankruptcy estate of the Debtors, together with their respective agents, attorneys, successors, heirs, and assigns, from any and all claims (as that term is defined in the Bankruptcy Code) from the beginning of the world to the date hereof (including without limitation any and all claims or causes of action for contribution, indemnity, debts, obligations, demands, liabilities, suits, judgments, damages, rights, remedies and causes of action, whatsoever, whether direct or indirect, liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, whenever arising, in law, equity or otherwise), provided that this release does not affect any right to enforce the terms of this Settlement Agreement.

5. Effective upon the Approval Order becoming a Final Order and the Trustee timely receiving the entire Settlement Payment in indefeasible funds, the Trustee, in his capacity as trustee of the Debtors and only in that capacity, together with his agents, attorneys, predecessors, successors, and assigns, hereby remises, releases, forever discharges and covenants not to sue Seaedi and Le, together with his respective agents, attorneys, successors, heirs, and assigns, from any and all claims (as that term is defined in the Bankruptcy Code) from the beginning of the world to the date hereof (including without

limitation any and all claims or causes of action for contribution, indemnity, debts, obligations, demands, liabilities, suits, judgments, damages, rights, remedies and causes of action, whatsoever, whether direct or indirect, liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, whenever arising, in law, equity or otherwise), provided that this release does not affect any right to enforce the terms of this Settlement Agreement.

6. In the event the Trustee has not received the entire Settlement Payment in indefeasible funds by the date that is thirty days after the entry of the Approval Order, then (a) paragraphs 2 and 5 of this Settlement Agreement will be void, (b) the Trustee may retain whatever funds he has been paid pursuant to this Settlement Agreement, and (c) judgment may enter in favor of the Trustee and against Seaedi and Le in the amount of an additional thirty-five thousand dollars ($35,000.00).

7. Le personally represents that he has been authorized as required by the operating agreement of Seaedi to enter into this Settlement Agreement on behalf of Seaedi.

8. Time is of the essence with respect to each and every term of this Settlement Agreement.

9. This Settlement Agreement constitutes the entire agreement of the Trustee, Seaedi, and Le, and it supersedes any and all prior oral and written agreements, discussions, negotiations, and proposals.

10. This Settlement Agreement may be executed in one or more counterparts, each of which shall constitute an original and all of which taken together shall constitute one document.

11. This Settlement Agreement cannot be changed, modified, or amended except by a written instrument signed by the parties or their duly authorized representatives.

12. This Settlement Agreement and the rights and obligations hereunder shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts, excluding its conflict of laws rules.

13. Each of the parties hereto shall execute and deliver such other and further documents and instruments as may be reasonably requested or required in order to implement fully the terms and provisions of this Settlement Agreement.

14. The parties hereby declare and acknowledge that they each fully understand the terms of this Settlement Agreement and voluntarily execute and deliver this Settlement Agreement for the purposes of making full and unconditional final settlement of all claims as described herein.

15. The Trustee, Seaedi, and Le each acknowledge that he or it has been afforded ample opportunity to review this Settlement Agreement as well as ample opportunity to have

this Settlement Agreement reviewed by counsel of his or its choice and to discuss this Settlement Agreement with counsel of his or its choice.

This Settlement Agreement is and shall be deemed to be an instrument made under seal under the laws of the Commonwealth of Massachusetts and shall be enforceable and binding upon each of the parties and their respective heirs, successors, and assigns.

/s/ Stewart F. Grossman

STEWART F. GROSSMAN as Chapter 7 Trustee of the estate of Huu Phu Le and Lan T. Lam, Chapter 7 Case No. 20-10763-JEB (Bankr. D. Mass.)

Dated: ~~September 30,~~ October 8, 2020

SEAEDI, LLC
by   Huu Phu Le
its   Manager

Dated: September 30 2020

HUU PHU LE

Dated: September 30 2020

-4-

22895397.1/041375-00001